## ST. LOUIS & S. F. R. CO. et al. v. BLOCKER et al.

No. 9299—Opinion Filed April 24, 1919.

Rehearing Denied Oct. 28, 1919.

(Syllabus by the Court.)

1. **Carriers—Freight—Destruction by Fire —Custody of Cotton After Inspection— Liability for Loss.**

Where it was a custom for a common carrier to furnish cars to a shipper at a certain point where cotton was loaded for shipment, after which same was inspected by an employe of the Western Weighing and Inspection Bureau, whose duty it was to make out and deliver to the carrier a certificate of inspection, and the cars were sealed by said inspector, and where after the cotton was inspected the shipper had nothing further to do in order to start the cotton in transit, held, that when cars were delivered by the carrier and loaded by the shipper and inspected and sealed by the inspector the liability of the shipper as a common carrier attached, and where the cotton was thereafter destroyed by fire the carrier is liable for the value thereof.

2. **Same—Inspector as Employe of Carrier.**

When a carrier requests that the cotton be inspected and inspection certificate issued before cotton is shipped, and where the inspector is permitted to seal cars when inspected by him, held, that the facts stated are sufficient to sustain a finding that the inspector is an employe of the carrier.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by E. E. Blocker and N. F. Miller, partners doing business under the firm name and style of the Blocker-Miller Company, against the St. Louis & San Francisco Railroad Company and James W. Lusk and others, its receivers. Judgment for plaintiffs, and defendants bring error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and Jones & Foster, for plaintiffs in error.

McDonald & Jones and C. M. Smithdeal, for defendants in error.

HARDY, C. J. E. E. Blocker and N. F. Miller, as partners under the firm name of Blocker-Miller Company, commenced this action against the St. Louis & San Francisco Railway Company, a corporation, and James W. Lusk, W. C. Nixon, and W. B. Biddle, as receivers of said corporation, to recover the value of 100 bales of cotton destroyed by fire on defendants' premises in the city of Hugo, during the night of December 17, 1914. The liability sought to be enforced against defendants is that of a common carrier. The cotton was loaded by the Trans-Continental Compress Company, at Hugo, in two cars of defendants which were placed beside the

plant of the Compress Company on a spur track belonging to defendants a day, or two prior to December 17th. It was a requirement of defendants and a custom always conformed to in the dealing between plaintiffs and defendants that cotton should be, inspected by an inspector of the Western Weighing and Inspection Bureau, and a certificate of inspection issued by him before the cotton would be shipped. The local agent at Hugo had instructions from the general offices of defendants at St. Louis to ship, no cotton until inspection was made and certificate issued. Neither plaintiffs nor the Compress Company had any connection with, or authority over, the inspector who performed these duties.

On the 16th day of December, the cotton was inspected and some of it found to be wet. On the morning of the 17th, a portion of it was unloaded and permitted to dry and was reloaded on the afternoon of the same day, when an inspector inspected the cotton and sealed, or caused the cars to be sealed and prepared an inspection certificate, the original of which was delivered to the defendants on the following morning, and a copy to the Compress Company. The certificate is as follows:

"Western Weighing and Inspection Bureau.
"Cotton Inspection Certificate.
"Hugo, Okla., Dec. 17, 1914.

"This is to certify that we have inspected the following described cotton at Trans Contl. No. of bales 50 for account of Frisco Shipper Blocker-Miller Co. Seals K. C. 222 K. C. 225. Condition of car O. K."

That night about 10 p. m. the cotton caught fire and was burned.

Defendants demurred to plaintiffs' evidence and moved for an instructed verdict, both of which were overruled, and error is assigned thereon. The cause was submitted to the jury upon the theory that, if the inspector or his principal was in the employment of defendants, plaintiffs were entitled to recover, and error is urged thereon for the reason that there were neither allegations nor proof that said inspector or his employer was in the service of defendants. The liability of defendants as common carriers depends upon the question whether the cotton had been delivered to and accepted by them for shipment at the time the fire occurred. The true test for determining whether the liability of a common carrier has attached is not the execution and delivery of a bill of lading (Elliott on Railroads, sec. 1415; 4 R. C. L, 695, sec. 174) ; but, when the goods are placed in a condition ready for shipment at a point where the carrier has directed said goods to be placed, and the carrier has been notified of the delivery and furnished with shipping directions (K. C., M. & O. R. Co. v. Cox, 25 Okla. 774, 108 Pac. 380, 32 L. R. A. [N. S.] 313), or where the goods have been delivered to the carrier according to the custom and course of dealing between the shipper and the carrier, with shipping directions furnished, and nothing remains to be done by the shipper to place the goods in course of transit, this liability commences (4 Elliott, Railroads, sec. 1404; Hutchinson on Carriers [3d Ed.] sec. 124 ; 4 R. C. L. 688, sec. 167). In the absence of a special contract or custom, it is not sufficient to place the property at a point on the carrier's premises from which it might readily be taken by the carrier, but there must be notice to the carrier of the delivery and intention to place the goods in the custody of the carrier for transit. 10 C. J. 222. But it is generally held that this rule is subject to any conventional arrangement between the carrier and its patrons, or to the custom or usage in their dealings which dispenses with giving of actual notice to the carrier of the delivery of the goods. In other words, when by special contract, custom, or usage goods are placed by the shipper at a point at which they are accustomed to be deposited, this will be sufficient delivery and acceptance to charge the carrier as an insurer, although no actual notice is given or assent shown. 10 C. J. 223; 4 R. C. L. 691, secs. 169, 170, 172.

It is shown that the custom of dealing between plaintiffs and defendants was that cars were placed upon the track alongside the plant of the compress company; that bills of lading were prepared by plaintiffs and delivered to defendants for execution, and cotton loaded by the compress company, after which inspection thereof was made by a representative of the Western Weighing and Inspection Bureau, whose duty it was to furnish to defendants an inspection certificate, and that when cotton was loaded and inspected, neither plaintiffs nor the compress company were required to do anything else in order to start the cotton in transit. These facts were sufficient to establish the relation of shipper and carrier, and impose upon defendants the liability of a common carrier from and after the time the cotton had been inspected and the cars sealed by the inspector.

It was not error to submit to the jury the question as to whether the inspector or his employer was agent of and acting for defendants. The general office of defendants in St. Louis had instructed the local agent at Hugo to ship no cotton until inspection was made and certificate issued, and it was shown to be the custom as between plaintiffs and defendants for the inspector to inspect the cotton and seal the cars and deliver in-

spection certificate to the local agent who thereupon signed bills of lading which had been previously prepared by plaintiff's containing specific shipping instructions. The certificate of inspection in this case shows on its face that it was made "for account of Frisco," and these circumstances were sufficient to warrant the jury in finding that the inspector or his employer was in the service of defendants, and that when the cotton was inspected and the cars were sealed defendants had notice that the cotton was ready for shipment. Whether the inspector delivered the certificate on the evening of the 17th or waited until the morning of the 18th would make no difference, for it was his duty to deliver this certificate to defendants, and neither plaintiffs nor the compress company had anything further to do in order to start the cotton in transit. The petition alleged that the cotton was delivered to defendants, and that they received and accepted the same. No motion was filed to require plaintiffs to set out the name of the agent with whom plaintiffs dealt. Had defendants desired, they might have required that this information be furnished, and, not having done so, plaintiffs were entitled to prove under the general allegation of delivery in the petition, that the cotton had been delivered to defendants in any lawful manner. A corporation must of necessity act through agents and under the state of the pleadings it was competent to prove delivery and notice to defendants as was done.

The judgment is affirmed.

OWEN, RAINEY, HARRISON, PITCHFORD, and JOHNSON, JJ., concur.